PROB 12C
(Rev. 2011)

# United States District Court
for
## Middle District of Tennessee

## Superseding Petition for Warrant or Summons for Offender Under Supervision
### (Supersedes Petition Filed as Docket Entry No. 282)

Name of Offender: David Lewis Gentry          Case Number: 1:06-00012-01

Name of Judicial Officer: William J. Haynes, Jr., Chief U.S. District Judge

Date of Original Sentence: May 11, 2009

Original Offense: 21 U.S.C. § 846 Conspiracy to Possess with Intent to Distribute 5 Kilograms or More of a Mixture or Substance Containing a Detectable Amount of Cocaine

Original Sentence: 60 months' imprisonment and 5 years' supervised release

Type of Supervision: Supervised Release          Date Supervision Commenced: March 10, 2011

Assistant U.S. Attorney: Jimmie Lynn Ramsaur          Defense Attorney: Dwight E. Scott

## PETITIONING THE COURT
■ To consider the additional violations at his revocation hearing, set for August 26, 2013.
☐ To issue a Summons.
☐ To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
        (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ Other _to consider additional violations_

Considered this _21st_ day of _August_, 2013, and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Joshua Smith
U.S. Probation Officer

Place   Nashville, TN

Date    August 20, 2013

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 282, has been amended as follows:

Violation No. 1 - has been amended to include a recent criminal charge
Violation No. 5 - has been amended to include additional failures to report for drug testing
Violation No. 8 - has been added

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.  **The defendant shall not commit another federal, state, or local crime.**

    On April 3, 2013, Mr. Gentry was arrested for Possession of Drug Paraphernalia, in Pulaski, Tennessee. The complaint indicates that during a traffic stop, he was found to be in possession of a glass pipe, used to smoke crack cocaine. Mr. Gentry admits to finding a crack cocaine pipe and having it in the car with him during the traffic stop. On May 2, 2013, Mr. Gentry pled guilty to this charge in Giles County General Sessions Court. He was fined $150 and placed on probation for 11 months and 29 days.

    On July 13, 2013, Mr. Gentry was issued a citation for Theft of Services under $500 by the Metropolitan Nashville Police Department. He was booked on the charges on August 9, 2013. According to the citation, Mr. Gentry was eating with a friend at Rodizio Grill and left without paying the bill. The staff of Rodizio Grill followed Mr. Gentry. He then gave the staff $30 of the $72.08 bill and was escorted by the staff back to the restaurant for the police to be called. Mr. Gentry stated that he had the money but not with him. His next court date is scheduled for October 7, 2013, in Davidson County General Sessions Court.

2.  **The defendant shall refrain from any unlawful use of a controlled substance.**

    On April 5, 2013, Mr. Gentry submitted a positive drug screen for cocaine. He admitted that he had used crack cocaine on April 3, 2013. Mr. Gentry also submitted a positive drug screen for cocaine on May 8, 2013, and admitted to the use of powder cocaine a few days prior to the drug screen.

3.  **The defendant shall be required to participate in an adult education program and prove consistent effort, as determined appropriate by the U.S. Probation Officer, toward obtaining a General Equivalency Diploma (GED).**

    Mr. Gentry was instructed to go to the GED Program in Giles County. He has shown no progress in working towards a GED to the probation officer.

4.  **The defendant shall maintain verifiable employment subject to the approval of the U.S. Probation Officer.**

    Mr. Gentry was not employed from June 2012, until May 2013. Prior to June 2012, he was employed at Deal's Auto Detailing, in Nashville. He quit in June 2012, when he returned to his parents' home in Pulaski. He is currently unemployed. He was most recently employed again at Deal's Auto Detailing from May 2013, until July 23, 2013, in Nashville, but quit on July 23, 2013, when he moved back to Prospect, Tennessee.

5. **The defendant shall participate in a program of drug testing at the direction of the U.S. Probation Officer.**

    Mr. Gentry failed to report for drug testing on four occasions.

    April 19, 2013    August 2, 2013    August 13, 2013    August 16, 2013

6. **The defendant shall participate in a program of substance abuse treatment at the direction of the Probation Officer.**

    On July 3, 2013, Mr. Gentry failed to report for substance abuse treatment. When questioned about missing substance abuse treatment, he stated that he was visiting family in Giles County and could not make it back to Nashville for substance abuse treatment.

7. **The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.**

    On July 23, 2013, Mr. Gentry moved back to Prospect, Tennessee, to live with his mother. He failed to notify the probation officer prior to moving.

8. **The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

    Mr. Gentry failed to notify the probation officer of the citation he was issued on July 17, 2013.

## Compliance with Supervision Conditions and Prior Interventions:

Mr. Gentry was released to supervision on March 10, 2011. He has resided with his parents in Prospect, Tennessee, throughout the majority of his supervision. As of May 17, 2013, Mr. Gentry enrolled himself in Matthew 25, which is a half-way house in Nashville. He voluntarily left the program on July 23, 2013. He admitted that if he had not voluntarily left the program, he would have been discharged in the near future as he failed to show progress saving money and pursuing more stable employment. He has been receiving substance abuse and mental health counseling at Centerstone, since March 2011.

The Court was previously made aware of his violations on September 19, 2011, which included a positive drug screen for cocaine, failing to report for a drug screen, and not maintaining verifiable employment. On October 17, 2011, a modification hearing was held and Mr. Gentry's conditions were modified to include his 90-day residence at a half-way house. This stay was later extended by an additional 30 days, at Mr. Gentry's request. Mr. Gentry did well while at Diersen Charities and then Matthew 25 half-way houses. He secured work at Deal's Auto Detailing.

However on June 3, 2012, Mr. Gentry left his job at Deal's Auto Detailing and also left Matthew 25 half way house. He had already satisfactorily completed his required 120 days in a half-way house. He returned to his parent's home in Prospect on a pass to attend a family member's funeral. However he did not return to Matthew 25 and decided to stay with his parents, noting that his family needed him due to their legal issues and his mother's poor health.

While living in Giles County, Mr. Gentry struggled with transportation and finding employment. He was reportedly seeking disability income. Mr. Gentry returned to Matthew 25 to allow him to find work, continue with treatment, and make a life for himself away from Prospect, where he continually reported being unsatisfied with living in such a rural setting. As previously stated, he returned to Prospect on July 23, 2013.

**U.S. Probation Officer Recommendation:**

It is respectfully requested that the additional violations be considered at the revocation hearing scheduled before Your Honor on August 26, 2013. The U.S. Attorney's Office has been advised of the additional violation information.

Approved: _____
W. Burton Putman
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. DAVIS LEWIS GENTRY, CASE NO. 1:06-00012-01

GRADE OF VIOLATION:      C
CRIMINAL HISTORY:      III
ORIGINAL OFFENSE DATE:      POST APRIL 30, 2003      PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| **CUSTODY:** | 5 years (Class A felony) *18 U.S.C. § 3583(e)(2)* | 5-11 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| **SUPERVISED RELEASE:** | 5 years minus any term of imprisonment *18 U.S.C. § 3583(h)* | 2-5 years *U.S.S.G. § 5D1.2(a)(1)* | No recommendation |

**Statutory Provisions:** Pursuant to 18 U.S.C. § 3583(g), the court shall revoke the term of supervised release if the defendant possessed a controlled substance or if the defendant tests positive for illegal controlled substances more than three times over the course of one year. However, pursuant to 18 U.S.C. § 3583(d), the court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception.

When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke supervised release or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). If supervised release is revoked, the Court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. U.S.S.G. § 7B1.3(g)(2).

Respectfully Submitted,

Joshua Smith
U.S. Probation Officer

Approved:
W. Burton Putman
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** David Lewis Gentry

2. **Docket Number** *(Year-Sequence-Defendant No.)*  Select a Docket Number

3. **District/Office**  Middle District of Tennessee

4. **Original Sentence Date**  5 / 11 / 2009
                               month  day  year

5. **Original District/Office** *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. List each violation and determine the applicable grade (see §7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | new charges | C |
   | positive drug tests | C |
   | failure to participate in GED classes | C |
   | failure to maintain employment | C |
   | failure to report for drug testing | C |
   | failure to participate in drug testing | C |
   | failure to notify prior to a move | C |
   | failure to notify of law enforcement contact | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*     C

9. **Criminal History Category** *(see §7B1.4(a))*     III

10. **Range of Imprisonment** *(see §7B1.4(a))*     5-11 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** David Lewis Gentry

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($) _____    Home Detention _____

    Other _____    Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: 2 to 5 years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002